IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-157-FL

| | |
|---|---|
| MOJDEH H. ILBEIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to dismiss. (DE 8). Plaintiff has filed no response in opposition, and the time to do so has expired. For the reasons that follow, the court grants defendant's motion.

## STATEMENT OF THE CASE

Pro se plaintiff filed complaint on February 26, 2018, against defendant in the Superior Court of Cumberland County, North Carolina, asserting claims for breach of contract, negligence, fraud, and violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"). Defendant removed this matter to this court on April 13, 2018. On April 20, 2018, defendant filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). No response in opposition was filed.

## STATEMENT OF THE FACTS

The facts alleged in the complaint may be summarized as follows.

Plaintiff was the owner of a 2012 Dodge Avenger SXT ("damaged vehicle") with a base value of $13,089.74. (Compl. (DE 1-1) ¶ 2). On February 18, 2015, plaintiff was involved in an

automobile accident and filed a claim for damages to her vehicle on the next day. (Id. ¶¶ 3-4). Defendant arranged for the damaged vehicle to be towed to Abra Glass and Auto Body in Fayetteville, N.C., who provided an estimate of the damages as $6,900.00, which plaintiff reported to defendant. (Id. ¶¶ 5-6). Defendant's auto insurance claim adjuster contacted plaintiff regarding the estimate and confirmed that based on the estimate, he had assessed the damages as "repairable." (Id. ¶¶ 7-8). Plaintiff did not believe the estimate was accurate or the damages repairable and requested another estimate be performed by Crown Dodge of Fayetteville ("Crown Dodge"), also within defendant's network, to which defendant agreed. (Id. ¶¶ 9-10).

Plaintiff contracted with Crown Dodge to trade in her damaged vehicle for the purchase of a 2015 charger SXT Plus ("new vehicle"). (Id. ¶ 11). Plaintiff received a cash settlement for approximately $6,432.00 after a $500.00 deductible for the damaged vehicle. (Id. ¶ 12). Plaintiff finalized the purchase of the new vehicle on March 7, 2015, for a loan of approximately $49,000.00 with 5.6% APR resulting in a total payoff of approximately $59,000.00 in 84 months. (Id. ¶ 13).

In August 2015, plaintiff "discovered that her [damaged vehicle] was handled as a total loss in July 2015" and that Crown Dodge "had contacted the Defendant furthering her property-damage claim." (Id. ¶¶ 14-15). As a result defendant declared the damaged vehicle a total loss and issued Crown Dodge a check of approximately $5,911. (Id. ¶ 15).

Plaintiff alleges defendant failed to inform her that the damaged vehicle was declared a total loss and "unlawfully issued a check to Crown Dodge." (Id. ¶ 16). Because of this, plaintiff alleges she "had to endure a wrongful contract with Crown Dodge," "suffer[ed] a financial hardship for 84 months," and "has been damaged as a result of the Defendant's breach including but not limited to the partial loss of GAP insurance for her 2012 Dodge Avenger, a negative payoff added to the loan

2

for the purchase of the 2015 Charger SXT Plus, a higher APR and a longer loan term and a greater pay-off." (Id. ¶¶ 17-18).

## DISCUSSION

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Plaintiff asserts four causes of action: breach of contract, negligence, fraud, and violation of the UDTP. The court will address each in turn below.

1.  Breach of Contract

Under North Carolina law, a claim for breach of contract requires a plaintiff to show "the existence of a contract between plaintiff and defendant, the specific provisions breached, [t]he facts constituting the breach, and . . . damages resulting to plaintiff from such breach." Cantrell v. Woodhill Enterprises, Inc., 273 N.C. 490, 497 (1968); see also Morgan's Ferry Prods., LLC v. Rudd, 18 F. App'x 111, 112 (4th Cir.2001) ("Under North Carolina law, a breach of contract claim must

3

allege that a valid contract existed between the parties, state that defendant breached the terms thereof, explain the facts constituting the breach, and specify the damages resulting from such breach.").

Although plaintiff implies she and defendant had a contract, plaintiff has failed to plead the actual existence of a contract. Notwithstanding, construing plaintiff's claims liberally, the court will assume for the purposes of resolution of defendant's motion to dismiss that plaintiff and defendant had a contract. This does not save plaintiff's claim for breach of contract, however, where plaintiff has failed to identify the specific provisions breached or the particular facts constituting the breach. Therefore, the court grants defendant's motion as to this claim.

2. Negligence

The essential elements of a North Carolina negligence claim are the existence of a legal duty, breach of that duty, and injury proximately caused by that breach. Fussell v. N.C. Farm Bureau Mut. Ins. Co., 364 N.C. 222, 226 (2010). However, generally, North Carolina does not recognize a negligence claim predicated on a breach of contract. See North Carolina State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81 (1978), rejected in part on other grounds, Trustees of Rowan Technical Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230, 242 (1985).

Here, plaintiff alleges pursuant to her negligence claim that "[w]hen Plaintiff's vehicle 2012 Dodge Avenger was considered a total loss, Defendant paid Crown Dodge of Fayetteville approximately $5911.00 without notifying her. This action caused Plaintiff Mojdeh to be deprived of the opportunity to correct and redo the wrongful contract with Crown Dodge of Fayetteville." (Compl. (DE 1-1) ¶ 22).

Plaintiff had failed to plead facts sufficient to show why she is entitled to relief in tort rather

than in contract. Additionally, even assuming plaintiff and defendant did not have a contract, plaintiff has failed to allege the existence of a legal duty owed by defendant to plaintiff, how defendant breached that duty, or how that alleged breach was the proximate cause of plaintiff's harm. Accordingly, the court grants defendant's motion as to this claim.

3. Fraud

Under North Carolina law, the elements of fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Ragsdale v. Kennedy, 286 N.C. 130, 138 (1974). For most causes of action, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). However, the Federal Rules of Civil Procedure, as well as the North Carolina Rules of Civil Procedure, require that "special matters," such as fraud claims, be pled with particularity. See Fed.R.Civ.P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); N.C.G.S. § 1A–1, Rule 9(b) (same as federal rule). The "circumstances" of a fraud claim that must be pled with particularity include "the time, place, and contents of the false representations, as well as the identity of the person making the representations and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir.1999).

Plaintiff alleges in her third cause of action that "Defendant concealed the fact that Plaintiff Mojdeh's 2012 Dodge Avenger was declared a total loss, which in fact would have significantly affected her contract with Crown Dodge for the purchase of her 2015 Dodge Charger" and that defendant paid money to Crown Dodge instead of her, resulting in damage. (Compl. (DE 1-1) ¶¶

5

25-27).

Even construing plaintiff's complaint liberally, as the court must, plaintiff has failed to adequately plead that defendant's alleged concealment of declaring plaintiff's vehicle a total loss was reasonably calculated to deceive, was made with the intent to deceive, did in fact deceive, and plaintiff was damaged as a result, nor has plaintiff adequately pleaded "the time, place, and contents of the false representations, as well as the identity of the person making the representations and what he obtained thereby." Therefore, the court grants defendant's motion to dismiss regarding this claim.

4. Violation of UDTPA

To establish a claim for UDTPA, a plaintiff must show: "(1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Bumpers v. Cmty. Bank of N. Virginia, 367 N.C. 81, 88 (2013) (quotations omitted). An unfair or deceptive act or practice is one in which a party "engages in conduct which amounts to an inequitable assertion of its power or position." Johnson v. Phoenix Mut. Life Ins. Co., 300 N.C. 247, 264 (1980).

Plaintiff alleges that "[d]efendant engaged in unfair or deceptive acts including, but not limited to, negotiating with Crown Dodge of Fayetteville about the damage to her 2012 Dodge Avenger without her knowledge and paid money to them when it was determined that said vehicle was 'totaled.'" (Compl. (DE 1-1) ¶ 29).

Plaintiff has failed to allege defendant engaged in an unfair or deceptive act or practice in violation of the UDTPA. Additionally, assuming again that plaintiff and defendant had a contract, North Carolina court have held that action for violation of the UDTPA are distinct from actions for

6

breach of contract. See <u>Canady v. Crestar Mortg. Corp.</u>, 109 F.3d 969, 975 (4th Cir.1997) (noting that even an intentional breach is not sufficient for liability to attach under the UDTPA). Accordingly, the court grants defendant's motion as to this claim.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss (DE 8). The clerk is DIRECTED to close the case.

SO ORDERED, this the 1st day of November, 2018.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge